Mr. Justice Thacheb.
delivered the opinion of the court.
A citation issued from the probate court of Monroe county, upon the 18th day of July, 1846, directed to Gholson, administrator of Greenwood, requiring him to make a final settlement. At its return term, Gholson moved to be discharged from the *396 citation, which motion was subsequently sustained by the court upon the ground that the administrator had already made and rendered a final settlement. The record shows a bill of. exceptions, taken by the appellant in the capacity of a distributee of the estate of Greenwood, which sets forth, that upon the hearing of the aforesaid motion, the appellee produced an order of the probate court, at its July term, 1840, allowing him to give the legal notice preliminary to a resignation of his letters of administration, an order at the September term, 1840, allowing him to withdraw his application of resignation of his letters of administration, and an order at its April term, 1842, permitting his resignation of said letters, and setting forth that the said administrator had made due proof that legal notice had been given by him, and that no cause had been shown against his application to resign said letters, which had also been duly made. The bill of exceptions also shows, that the said appellee resigned his said letters, and presented his final settlement at the term last aforesaid, which was examined, allowed, and ordered to be recorded.
The decree in this case is simply an order discharging an administrator, upon his motion, from the requisitions of a citation issued, not upon the application of any person interested in the estate, but by the order of the court. The reason given by the court for its decree, constitutes no part of the decree. It is not a decree of final settlement, nor of discharge of the administra-' tor from his letters of administration. If, in point of fact, there has never been a legal discharge of the administrator, nor a final settlement made by him of the estate; any distributee or person interested in the estate, can still compel such a settlement. The appellant was not properly a party below, nor could his interests be affected by the decree.
Decree affirmed.